UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES, INC.  AND OPTIMAL I.P. HOLDINGS, L.P., | § § § | |
| *Plaintiffs*, | § § | CASE NO: 3:07CV0831-K |
| v. | § § | PATENT CASE |
| ALTEX CORPORATION, DECA INTERNATIONAL CORP., GOLFLOGIX, INC., GPS GOLF PRO, LLC, GPS TECHNOLOGIES, INC., KARRIER COMMUNICATIONS, L1 TECHNOLOGIES, INC., LINKS POINT, INC., SKYHAWKE TECHNOLOGIES, INC., AND TEE2GREEN TECHNOLOGIES, PTY LTD. | § § § § § § § § § § § | JURY DEMANDED ECF |
| *Defendants*. | § | |

PLAINTIFFS' AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiffs GPS Industries, Inc. and Optimal I.P. Holdings, L.P. (collectively, "Plaintiffs") bring this action for patent infringement against Defendants Altex Corporation; DECA International Corp.; Golflogix, Inc.; GPS Golf Pro, LLC; GPS Technologies, Inc.; Karrier Communications; L1 Technologies, Inc.; Links Point, Inc.; Skyhawke Technologies, LLC; and Tee2Green Technologies, Pty Ltd., (collectively "Defendants") and allege as follows:

## I.
## THE PARTIES

1.      Plaintiff GPS Industries, Inc. ("GPSI") is a Canadian corporation with an address of 5500 152nd Street, Suite 214, Surrey, British Columbia, Canada V3S 519.

2.      Plaintiff Optimal I.P. Holdings, L.P. ("Optimal") is a Texas limited partnership with an address of 700 Lavaca Street, Suite 720, Austin, Texas 78701.

3.      Upon information and belief, Defendant Altex Corporation ("Altex") is a California corporation having a principal place of business at 2 Channel Vista, Newport Coast, CA 92657.  Service of process on Altex may be made according through Texas law by serving the Texas Secretary of State.  Altex may be also served with process by serving its Registered Agent, Su-Fang Lee, at 4401 Brookside, Irvine, CA 92604.

4.      Upon information and belief, Defendant DECA International Corp. ("DECA") is a California corporation having a principal place of business at 3435 Wilshire Blvd. # 3060, Los Angeles, CA 90010.  Service of process on DECA may be made according through Texas law by serving the Texas Secretary of State.  DECA may be also served with process by serving its Registered Agent, Steve H. Cha, at 3600 Wilshire Blvd. #2030, Los Angeles, CA 90010.

5.      Upon information and belief, Defendant GolfLogix, Inc. ("GolfLogix") is an Arizona corporation having a principal place of business at 7418 East Helm Drive, Scottsdale, AZ 85260.  Service of process on GolfLogix may be made according through Texas law by serving the Texas Secretary of State.  GolfLogix may be also served with process by serving its Registered Agent, Blume Law Firm, at 11801 N. Tatum Blvd. #124, Phoenix, AZ 75028-1612.

6.      Upon information and belief, Defendant GPS GolfPro, LLC ("GPS Golf Pro") is a North Dakota limited liability company having a principal place of business at 525 24th Ave NW, Minot, ND 58703.  Service of process on GPS Golf Pro may be made according through Texas

**PLAINTIFFS' AMENDED COMPLAINT FOR PATENT INFRINGEMENT          PAGE 2 OF 7**
**AND JURY DEMAND**

law by serving the Texas Secretary of State.  GPS Golf Pro may be also served with process by serving its owner, Gregory Routledge, at 525 24th Ave NW, Minot, ND 58703.

7.      Upon information and belief, Defendant GPS Technologies, Inc. ("GPS Technologies") is an Iowa corporation having a principal place of business at 504 North Clark St., Carroll, Iowa 51401.  Service of process on GPS Technologies may be made according through Texas law by serving the Texas Secretary of State.  GPS Technologies may be also served with process by serving its Registered Agent, Robert E. Pudenz, at 504 North Clark St., Carroll, Iowa 51401.

8.      Upon information and belief, Defendant Karrier Communications ("Karrier") is a California company having a principal place of business at 3450 Palmer Drive., Bldg. 4-162 Cameron Park, California 95683-8253.  Service of process on Karrier may be made according through Texas law by serving the Texas Secretary of State.  Karrier may be also served with process by serving its CEO, Craig Schmidt at 3450 Palmer Drive., Bldg. 4-162 Cameron Park, California 95683-8253.

9.      Upon information and belief, Defendant L1 Technologies, Inc. ("L1") is a California corporation having a principal place of business at 3645 Ruffin Road # 335, San Diego, CA 92123.  Service of process on L1 may be made according through Texas law by serving the Texas Secretary of State.  L1 may be also served with process by serving its registered agent, Dan Galatro, at 3645 Ruffin Road # 335, San Diego, CA 92123.

10.     Upon information and belief, Defendant Links Point, Inc. ("Links Point") is a Connecticut corporation having a principal place of business at One Selleck Street, 3rd Floor, Norwalk, CT 06855.  Service of process on Links Point may be made according through Texas

law by serving the Texas Secretary of State. Links Point may be also served with process by serving Connecticut Secretary of State, at 30 Trinity Street, Hartford, CT 06106-0470.

11.    Upon information and belief, Defendant SkyHawke Technologies, Inc. ("SkyHawke") is a Mississippi limited liability company having a principal place of business at Ridgeland Technology Center, 274 Commerce Park Drive, Suite M, Ridgeland, MS 39157. Service of process on SkyHawke may be made according through Texas law by serving the Texas Secretary of State. SkyHawke may be also served with process by serving its registered agent, Walter S. Weems, at 248 E. Capital St. # 1400, Jackson, MS 32901.

12.    Upon information and belief, Defendant Tee2Green Technologies, Pty Ltd. ("Tee2Green") is a Australian corporation having a principal place of business at Heritage Golf and Country Club, 17 St. John Circle, Chimside Park, Victoria, Australia 3116.    Upon information and belief, Tee2Green is a non-resident of Texas who engages in business in this state, but does not maintain a regular place of business for service of process in this state. Because Australia is not a signatory to the Hague Convention, service upon Tee2Green requires service in accordance with FED.R.CIV.P. 4(f)(2).

## II.
## JURISDICTION AND VENUE

13.    This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq*. and 28 U.S.C. §§ 1331 and 1338(a).

14.    Personal jurisdiction exists generally over the Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Northern District of Texas. Personal jurisdiction also exists specifically over the Defendants because of their conduct in making, using, selling, offering to sell, and/or

importing products manufactured by an infringing process and covered by Plaintiffs' patent, directly, contributorily, and/or by inducement, within the State of Texas and within the Northern District of Texas.

15.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

### III.
### INFRINGEMENT OF U.S. PATENT NO. 5,364,093

16.     Plaintiffs repeat and reallege the allegations in paragraphs 1-15 as though fully set forth herein.

17.     Plaintiff GPSI is the owner of all rights, title, and interest in and under United States Patent No. 5,364,093 ("the '093 Patent"), titled "Golf Distance Measuring System and Method," which was duly and legally issued on November 15, 1994.  A true and correct copy of the '093 Patent is attached hereto as **Exhibit A**.

18.     By agreement, Plaintiff Optimal is the exclusive licensee of the '093 Patent with respect to its coverage of handheld golf GPS devices.

19.     The '093 Patent is valid and enforceable.

20.     Upon information and belief, Defendants have been infringing by making, using, importing, selling, and/or offering to sell in or into the United States, without authority, products that fall within the scope of the Claims of the '093 Patent, including but not limited to, Defendants' handheld golf GPS and/or golf cart mounted GPS devices.

21.     By making, using, importing, selling, and/or offering to sell in or into the United States, without authority, products that fall within the scope of the claims of the '093 Patent, Defendants have also induced infringement of the '093 Patent under 35 U.S.C. § 271(b), and

have contributed to the infringement of the '093 Patent under 35 U.S.C. § 271(c). The infringing devices have no substantial non-infringing uses.

22. As a direct and proximate result of Defendants acts of patent infringement, Plaintiffs have been and continue to be injured and have sustained and will continue to sustain substantial damages in an amount not presently known.

23. Plaintiffs have no adequate remedy at law against these acts of patent infringement. Unless Defendants are preliminarily then permanently enjoined from their unlawful infringement of the '093 Patent, Plaintiffs will suffer irreparable harm.

24. Upon information and belief, Defendants' infringement has been, and continues to be, willful so as to warrant enhancement of damages awarded as a result of their infringement.

25. Plaintiffs have complied with the marking requirements of 35 U.S.C. § 287 with respect to their patented subject matter under the '093 Patent.

## IV.
## PRAYER FOR RELIEF

Plaintiffs respectfully request that judgment be entered in their favor and against the Defendants and that the Court grants the following relief to the Plaintiffs:

A. Declare that the '093 Patent is exclusively owned by Plaintiff GPS Industries, Inc. and is valid and enforceable;

B. Declare that Plaintiff Optimal I.P. Holdings, L.P. is the exclusive licensee of the '093 Patent with respect to handheld golf GPS devices;

C. Declare that the Defendants have infringed the '093 Patent;

D. Award damages to the Plaintiffs to which they are entitled for patent infringement;

E. Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the '093 Patent;

F.      Enter a preliminary and thereafter a permanent injunction against Defendants' active inducements of infringement and/or contributory infringements of the '093 Patent;

G.      Award costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285;

H.      Award interest on Plaintiffs' damages; and

I.      Award any such other relief as the Court deems just and proper.

## V.
## JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiffs assert their rights under the Seventh Amendment of the United States Constitution and demand a trial by jury on all issues.

Dated:    May 16, 2007               Respectfully submitted,

*/s/ Alfonso Garcia Chan*
Michael W. Shore, Attorney in Charge
Texas Bar No. 18294915
Alfonso Garcia Chan
Texas Bar No. 24012408
Rajkumar Vinnakota
Texas Bar No. 24042337
**SHORE CHAN BRAGALONE LLP**
325 North Saint Paul Street-Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile

**ATTORNEYS FOR PLAINTIFFS
GPS INDUSTRIES, INC. AND
OPTIMAL I.P. HOLDINGS L.P.**