## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES, INC. AND OPTIMAL I.P. HOLDINGS, L.P., | § § § | CASE NO. 3-07CV0831-K |
| | § | PATENT CASE |
| *Plaintiffs,* | § § | |
| | § | JURY DEMANDED |
| v. | § § | |
| | § | ECF |
| ALTEX CORPORATION, | § | |
| DECA INTERNATIONAL CORP., | § | |
| GOLFLOGIX, INC., | § | |
| GPS GOLF PRO, LLC, | § | |
| GPS TECHNOLOGIES, INC., | § | |
| KARRIER COMMUNICATIONS, | § | |
| L1 TECHNOLOGIES, INC., | § | |
| LINKS POINT, INC., | § | |
| SKYHAWKE TECHNOLOGIES, INC., AND | § | |
| TEE2GREEN TECHNOLOGIES, PTY LTD., | § § | |
| *Defendants.* | § | |

---

## L1 TECHNOLOGIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' AMENDED COMPLAINT FOR PATENT INFRINGEMENT

---

ANSWER, AFFIRMATIVE DEFENSES                Page 1 of 11
AND COUNTERCLAIM

Dallas 240985v1

Defendant L1 Technologies, Inc. ("L1") files this answer, affirmative defenses and counterclaim in response to the complaint filed by Plaintiffs GPS Industries, Inc. and Optimal I.P. Holdings, L.P. (collectively "plaintiffs" or "counterclaim defendants") as follows:

## PARTIES

1.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 1 and on that basis denies them.

2.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 2 and on that basis denies them.

3.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 3 and on that basis denies them.

4.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 4 and on that basis denies them.

5.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 5 and on that basis denies them.

6.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 6 and on that basis denies them.

7.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 7 and on that basis denies them.

8.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 8 and on that basis denies them.

ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM

Dallas 240985v1

9.     L1 admits that it is a corporation organized under the laws of the State of California, but denies that its principal place of business is at 3645 Ruffin Road, # 335, San Diego, California, 92123.  In addition, L1 respectfully refers all questions of law to the Court as alleged in paragraphs 9.  To the extent that paragraph 9 otherwise contains any other allegations of fact, L1 denies those allegations.

10.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 10 and on that basis denies them.

11.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 11 and on that basis denies them.

12.     L1 lacks sufficient knowledge to admit or deny the allegations contained in paragraph 12 and on that basis denies them.

## JURISDICTION AND VENUE

13.     L1 respectfully refers all questions of law to the Court as alleged in paragraphs 13.  To the extent paragraphs 13 contain any allegations of fact that are directed towards L1, L1 denies those allegations.  To the extent paragraph 13 contains any allegations of fact that are directed towards any defendant or defendants other than L1, L1 lacks sufficient knowledge to admit or deny such allegations and on that basis denies them.

14. L1 respectfully refers all questions of law to the Court as alleged in paragraphs 14. To the extent paragraphs 14 contain any allegations of fact that are directed towards L1, L1 denies those allegations. To the extent paragraph 14 contains any allegations of fact that are directed towards any defendant or defendants other than L1, L1 lacks sufficient knowledge to admit or deny such allegations and on that basis denies them.

15. L1 respectfully refers all questions of law to the Court as alleged in paragraphs 15. To the extent paragraphs 15 contain any allegations of fact that are directed towards L1, L1 denies those allegations. To the extent paragraph 15 contains any allegations of fact that are directed towards any defendant or defendants other than L1, L1 lacks sufficient knowledge to admit or deny such allegations and on that basis denies them.

### INFRINGEMENT OF U.S. PATENT NO. 5,364,093

16. L1 hereby repeats its responses to Paragraphs 1-15, respectively, as though set forth in full herein.

17. L1 admits that what purports to be a copy of the '093 Patent was attached as Exhibit A to the Complaint, the tile of which speaks for itself. L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 17 and on that basis denies them.

18. L1 lacks sufficient knowledge to admit or deny the allegations in paragraph 18 and on that basis denies them.

19. L1 denies the allegations set forth in paragraph 19.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Page 4 of 11

Dallas 240985v1

20.     To the extent the allegations in paragraph 20 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 20 and on that basis denies them.

21.     To the extent the allegations in paragraph 21 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 21 and on that basis denies them.

22.     To the extent the allegations in paragraph 22 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 22 and on that basis denies them.

23.     To the extent the allegations in paragraph 23 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 23 and on that basis denies them.

24.     To the extent the allegations in paragraph 24 are directed towards L1, L1 denies those allegations.  L1 otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 24 and on that basis denies them.

25.     L1 lacks sufficient knowledge to admit or deny the allegations in paragraph 25 and on that basis denies them.

## AFFIRMATIVE DEFENSES

26.     In addition to the defenses described below, L1 specifically reserves the right to allege additional defenses as factual information in support of which become known through the course of discovery.

27.     The 5,364,093 ('093) patent is invalid and/or unenforceable for failure to comply with one or more provisions of the Patents Laws of the United States, Title 35,

ANSWER, AFFIRMATIVE DEFENSES                                   Page 5 of 11
AND COUNTERCLAIM

United States Code, Sections 101 et seq., including without limitation Sections 102, 103, and/or 112.

28.    L1 is not infringing and has not infringed any claim of the '093 patent. By asserting this defense, however, L1 does not assume any burden of proof.

29.    Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '093 patent, from asserting any interpretation of the claims of the '093 patent that would be broad enough to cover any of L1's products.

30.    On information and belief, plaintiffs' claim for relief concerning the '093 patent is limited by failure to comply with the marking and notice requirements of 35 U.S.C. Section 287. By asserting this defense, however, L1 does not assume any burden of proof.

31.    Plaintiffs' claims are barred by collateral estoppel and/or res judicata.

32.    Plaintiffs' claims are time-barred.

33.    The alleged wrongful acts of L1 set forth in the Complaint were not willful, as a result of which plaintiffs have no right to treble damages.

34.    Plaintiff's claims are barred by 35 U.S.C. Section 287 to the extent they include conduct occurring more than six years prior to the institution of this suit.

35.    Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or equitable estoppel.

36.    Plaintiffs' claims are barred by the doctrine of patent misuse and/or unclean hands.

37.    Plaintiffs' claims fail to state a claim upon which relief may be granted.

## COUNTERCLAIM FOR DECLARATORY RELIEF

38.    In accordance with Rule 13 of the Federal Rules of Civil Procedure, L1 brings these counterclaims against plaintiffs.    L1 repeats and realleges all of the preceding paragraphs as if fully set forth herein.    In addition, L1 demands a jury trial and alleges as follows:

## PARTIES

39.    Counterclaim plaintiff L1 Technologies, Inc. ("L1") is a corporation organized under the laws of the State of California, with its principal place of business at 10180 Telesis Court, Suite 165, San Diego, California, 92121.

40.    Upon information and belief, counterclaim defendant GPS Industries, Inc. ("GPSI") is a corporation organized under the laws of Canada and maintains its principal place of business at 5500 152nd Street, Suite 214, Surrey, British Columbia, Canada, V3S 519.

41.    Upon information and belief, counterclaim defendant Optimal I.P. Holdings, L.P. ("Optimal") is a Texas limited partnership and maintains its principal place of business at 700 Lavaca Street, Suite 720, Austin, Texas 78701.

## JURISDICTION AND VENUE

42.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. Sections 1331, 1338, and/or 2201-02.

43.    Venue is proper in this district because these claims are being brought as compulsory counterclaims under Fed. R. Civ. P. 13(a) and under 28 U.S.C. Sections 1391 and/or 1400 because the claims at issue herein involve federal questions of patent law and counterclaim defendants are subject to personal jurisdiction in this district.

ANSWER, AFFIRMATIVE DEFENSES                                    Page 7 of 11
AND COUNTERCLAIM

44.     Counterclaim defendants have sufficient minimum contacts with the forum to satisfy traditional notions of fair play and substantial justice, particularly having availed themselves of the benefits of the forum's court system for the subject matter underlying the counterclaims.

## COUNT 1 (COUNTERCLAIM FOR DECLARATORY RELIEF)

45.     L1 incorporates by reference and realleges all of the preceding paragraphs as if fully set forth herein.

46.     L1 is not infringing and has not infringed any claim of the '093 patent. L1 has the right to manufacture, have made, use, sell, offer to sell, and import all of its products accused of infringement, unhampered and unmolested by plaintiffs.

47.     The claims of the '093 patent are invalid and/or unenforceable for:  (i) failure to comply with one or more provisions of the Patent Laws of the United States, Title 35, United States Code, Section 101 et seq., including without limitation Sections 102, 103, and/or 112; and/or (ii) any one or more of the reasons set forth above.

48.     There is an actual and justicable controversy between L1 and counterclaim defendants over the validity, enforceability, and infringement of the '093 patent.

## PRAYER FOR RELIEF

WHEREFORE, L1 asks the Court to enter judgment in L1's favor against plaintiffs/counterclaim defendants as follows:

A.      A declaration granting all of the relief requested in L1's Answer, Affirmative Defenses and Counterclaims, and dismissing plaintiffs' complaint with prejudice.

ANSWER, AFFIRMATIVE DEFENSES                                    Page 8 of 11
AND COUNTERCLAIM

Dallas 240985v1

B.     A declaration that L1 has not infringed any of the claims of the '093 patent;

C.     A declaration that all of the claims of the '093 patent are invalid and/or unenforceable;

D.     That plaintiffs take nothing by way of their complaint;

E.     That plaintiffs, and each of their officers, directors, employees, agents, servants, alter egos, and attorneys, and each person in active concern or participation with any of them, be restrained from further prosecuting or instituting any actions against L1 which claim that any of the claims of the '093 patent are infringed by L1;

F.     That L1 recover its actual and compensatory damages according to proof;

G.     That L1 be awarded costs, expenses, and reasonable attorneys fees, including an award for such costs, expenses, and fees under 28 U.S.C. Section 285;

H.     That L1 be awarded interest at the legal applicable rate; and

I.     Any such and further relief, including an award of L1's costs of suit and attorneys' fees to the extent permitted by law, that this court deems just and proper.

///

///

///

///

///

ANSWER, AFFIRMATIVE DEFENSES                                    Page 9 of 11
AND COUNTERCLAIM

Dallas 240985v1

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, counterclaim plaintiff L1 demands a jury trial as to all issues triable at law.


Dated: July 10, 2007                          Respectfully submitted,

                                              /s/ Garret W. Chambers
                                              Garret W. Chambers
                                              Tex. Bar No. 00792160
                                              E-mail: gchambers@mckoolsmith.com
                                              Holly E. Engelmann
                                              Tex. Bar No. 24040865
                                              E-mail: hengelmann@mckoolsmith.com
                                              **McKOOL SMITH P.C.**
                                              300 Crescent Court, Suite 1500
                                              Dallas, Texas 75201
                                              Tel: (214) 978-4016
                                              Fax: (214) 978-4044

                                              *Of Counsel:*

                                              Daniel T. Pascucci, Esq.
                                              California Bar No. 166780
                                              E-mail: dpascucci@mintz.com
                                              **MINTZ LEVIN COHN FERRIS
                                              GLOVSKY AND POPEO P.C.**
                                              9255 Towne Centre Drive, Suite 600
                                              San Diego, California 92121
                                              Tel: (858) 320-3000
                                              Fax: (858) 320-3001

                                              **ATTORNEYS FOR
                                              L1 TECHNOLOGIES, INC.**

---

ANSWER, AFFIRMATIVE DEFENSES                                    Page 10 of 11
AND COUNTERCLAIM

Dallas 240985v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was served on the attorneys of record for all parties to the above cause in accordance with the Federal Rules of Civil Procedure on July 10, 2007.

_____/s/ Garret W. Chambers_____
Garret W. Chambers