# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES, INC.  AND<br>OPTIMAL I.P. HOLDINGS, L.P., | § | |
| | § | |
| *Plaintiffs*, | § | **CASE NO: 3:07CV0831-K** |
| | § | |
| v. | § | **PATENT CASE** |
| | § | |
| ALTEX CORPORATION, | § | **JURY DEMANDED** |
| DECA INTERNATIONAL CORP., | § | |
| GOLFLOGIX, INC., | § | **ECF** |
| GPS GOLF PRO, LLC, | § | |
| GPS TECHNOLOGIES, INC., | § | |
| KARRIER COMMUNICATIONS, | § | |
| L1 TECHNOLOGIES, INC., | § | |
| LINKS POINT, INC., | § | |
| SKYHAWKE TECHNOLOGIES, INC., AND | § | |
| TEE2GREEN TECHNOLOGIES, PTY LTD. | § | |
| | § | |
| *Defendants*. | § | |

---

## NOTICE OF FILING OF JOINT *MARKMAN* HEARING EXECUTIVE SUMMARY

---

Pursuant to the Court's October 2, 2008 Order [Dkt. No. 328], the Parties submit their Joint *Markman* Hearing Executive Summary.  The *Markman* Hearing Executive Summary is attached hereto as **Exhibit A.**

---

Dated:  October 16, 2008.                         Respectfully submitted,

*s/ Rajkumar Vinnakota*

Michael W. Shore, Attorney in Charge
Texas Bar No. 18294915
Alfonso Garcia Chan
Texas Bar No. 24012408
Rajkumar Vinnakota
Texas Bar No. 24042337
Patrick A. Traister
Texas Bar No. 24046991
Sean N. Hsu
Texas Bar No. 24056952
**SHORE CHAN BRAGALONE LLP**
325 North Saint Paul Street-Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile
shore@shorechan.com
achan@shorechan.com
kvinnakota@shorechan.com
ptraister@shorechan.com
shsu@shorechan.com

**ATTORNEYS FOR PLAINTIFFS
GPS INDUSTRIES, INC. AND OPTIMAL
I.P. HOLDINGS, L.P.**

*s/ William L. Buus w/permission*

William L. Buus
**BUUS KIM KUO & TRAN LLP**
2030 Main Street-Suite 1300
Irvine, California 92614
949.863.9782 Telephone
949.863.9783 Facsimile
wbuus@bkktlaw.com

John L. Hendricks
Kelly J. Kubasta
**HITCHCOCK EVERT**
750 North Saint Paul Street-Suite 1100
Dallas, Texas  75201
214.953.1111 Telephone
214.953.1121 Facsimile
jhendricks@hitchcockevert.com
kkubasta@hitchcockevert.com

**ATTORNEYS FOR DEFENDANT
ALTEX CORPORATION**

*s/ John L. Hendricks w/permission*

John L. Hendricks
Kelly J. Kubasta
**HITCHCOCK EVERT**
750 North Saint Paul Street-Suite 1100
Dallas, Texas  75201
214.953.1111 Telephone
214.953.1121 Facsimile
jhendricks@hitchcockevert.com
kkubasta@hitchcockevert.com

**ATTORNEYS FOR DEFENDANT
DECA INTERNATIONAL CORP**

*s/ Gary R. Blume w/permission*

Gary R. Blume
**BLUME LAW FIRM**
11801 North Tatum Blvd.-Suite 124
Phoenix, Arizona  85028
602.494.7976 Telephone
602.494.7313 Facsimile
gblume@blumelawfirm.com

Clinton E. Phillips
**JOHNSON FERGUSON PIPKIN
    & PHILLIPS**
107 West Main Street
Decatur, Texas 76234
940.626.0062 Telephone
940.626.0089 Facsimile
phillipsc@jfpplaw.com

**ATTORNEYS FOR DEFENDANT
GOLFLOGIX, INC.**

*s/ Mark Wilson w/permission*

J. Mark Wilson
**MOORE & VAN ALLEN**
100 North Tryone Street-Suite 4700
Charlotte, North Carolina 28202
704.3313.1177 Telephone
703.331.1159 Facsimile
markwilson@mvalaw.com

Roger L. McCleary
**BEIRNE MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Boulevard-Suite 2400
Houston, Texas 77056
 (713) 623-0887 (Office)
(713) 960-1527 (Fax)
rmccleary@bmpllp.com

Sawnie A. McEntire
Kelly H. Kolb
**BEIRNE MAYNARD & PARSONS, L.L.P.**
1700 Pacific Avenue-Suite 4400
Dallas, Texas 75201-7305
(214) 237-4300 (Office)
(214) 237-4340 (Fax)
smcentire@bmpllp.com
kkolb@bmpllp.com

**ATTORNEYS FOR DEFENDANT
GPS TECHNOLOGIES, INC.**

*s/ John L. Hendricks w/permission*

John L. Hendricks
Kelly J. Kubasta
**HITCHCOCK EVERT**
750 North Saint Paul Street-Suite 1100
Dallas, Texas  75201
214.953.1111 Telephone
214.953.1121 Facsimile
jhendricks@hitchcockevert.com
kkubasta@hitchcockevert.com

**ATTORNEYS FOR DEFENDANT
L1 TECHNOLOGIES, INC.**

*s/ Brian E. Moran w/permission*

Brian E. Moran
**ROBINSON & COLE, LLP**
695 E. Main Street
Stanford, Connecticut  06904-2305
203.462.7512
Fax (203) 462-7599
bmoran@rc.com

Heath Novosad
**BRACEWELL & GIULIANI, LLP**
711 Louisiana Street , Suite 2300
Houston, Texas  77002-2770
713.221.1258   Telephone
713.437.5356   Facsimile
heath.novosad@bgllp.com


**ATTORNEYS FOR DEFENDANT
LINKS POINT, INC.**

*s/ Thomas J. Fisher w/permission*

Thomas J. Fisher
Arthur I. Neustadt
Jordan S. Weinstein
Richard Thomas Matthews
**OBLON SPIVAK MCCLELLAND
        MAIER & NEUSTADT PC**
1940 Duke Street
Alexandria, Virginia 22314
703.413.3000 Telephone
703.413.2220 Facsimile
aneustadt@oblon.com
jweinstein@oblon.com
rmatthews@oblon.com
tfisher@oblon.com


Donald C. Templin
Theodore G. Baroody
**HAYNES & BOONE**
901 Main Street-Suite 3100
Dallas, Texas 75201-3789
214.651.5590 Telephone
214.651.5940 Facsimile
don.templin@haynesboone.com
baroodyt@haynesboone.com


**ATTORNEYS FOR DEFENDANT
SKYHAWKE TECHNOLOGIES,
LLC.**

*s/ Jordan T. Fowles w/permission*

John M. Helms
Jordan T. Fowles
**FISH & RICHARDSON PC**
1717 Main Street-Suite 5000
Dallas, Texas 75201
214.747.5070 Telephone
214.747.2091 Facsimile
helms@fr.com
fowles@fr.com

**ATTORNEYS FOR DEFENDANT
TEE2GREEN TECHNOLOGIES,
PTY LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed **NOTICE OF FILING OF JOINT** *MARKMAN* **HEARING EXECUTIVE SUMMARY** with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept service by electronic means.


Dated:   October 16, 2008                         */s/ Rajkumar Vinnakota*

**Exhibit A**
*Markman* **Hearing Executive Summary**

**Plaintiffs' Statement:**

U.S. Patent No. 5,364,093 (the "'093 patent"), titled "Golf Distance Measuring System and Method," issued on November 15, 1994. The pioneering '093 patent is directed to a system for determining distances and positions of various features on a golf course through the use of Global Positioning Satellite ("GPS") technology. Defendants infringe independent claims 1 and 15 and dependent claims 8-14 and 16-18 of the '093 patent. Infringement is proven using the Federal Circuit's prior claim construction in *Optimal Recreation Solutions, LLP v. Leading Edge Tech., Inc.,* 6 Fed. App'x. 873 (Fed. Cir. 2001). Because the same claim language construed by the Federal Circuit in *Optimal* is at issue in the present case, there is no need for this Court to re-construe the '093 patent. And certainly there is no need to re-construe the '093 patent in the manner suggested by Defendants, which defies the Federal Circuit's prior construction, runs counter to the '093 patent's claim language and specification, and only serves to confuse, rather than help, a lay juror.

In *Optimal*, the Federal Circuit previously construed the '093 patent's claim language to the extent necessary for a lay juror to determine infringement. Defendants seek to improperly re-construe the phrases "locating the position of the cup" and "storing the position of the cup" in claim 1. The Federal Circuit already construed these phrases in *Optimal* in their proper context and held that the only limitations that warrant defining were "location" (*i.e.,* "locating") and "position." The Federal Circuit did not consider it necessary to construe the associated claim language "of the cup" and "storing," choosing instead to apply their plain and ordinary meaning. Thus "locating the position" simply means "determining *where a thing is*" and "position" means *"where a thing is."* If the Court desires to construe the entire phrase "locating the position of the cup," Plaintiffs propose, in the alternative only, that the phrase be accorded its plain and ordinary meaning consistent with the Federal Circuit's definitions in *Optimal.* It should simply mean "determining where the cup is." Similarly, if the Court desires to construe "storing the position of the cup," Plaintiffs propose, in the alternative only, that the phrase means "storing where the cup is."

Defendants seek to improperly re-construe the phrase "memory means for storing the position of the golf cup" in claim 15. In *Optimal*, however, the Federal Circuit previously construed this phrase and held that the only words warranting special definition were "memory means," which means *"a device capable of storing data."* But, if the Court wishes to construe "memory means for storing the position of the golf cup," Plaintiffs propose, in the alternative only, that the phrase means "a device capable for storing where the cup is."

Defendants improperly seek to construe four entire steps recited in claims 11, 13, 16, and 18, namely (1) the step of "displaying a golf hole layout for said golf hole, the position of the cup on the layout, and the position of the remote receiver on the layout" in claim 11; (2) the step of "marking a target location on the hole layout" in claim 13; (3) the step of applying an error correction to determine a corrected position of the receiver means" in claim 16; and (4) the step

---

of "displaying a graphic representation of the layout of a golf hole" in claim 18. Construing entire claim steps is legally improper and unnecessary. These steps need only be accorded their plain and ordinary meanings and no additional construction is needed for a lay juror to properly understand them.

If the Court desires to construe claim 11's step of "displaying a golf hole layout for said golf hole, the position of the cup on the layout, and the position of the remote receiver on the layout," in the alternative only, Plaintiffs propose that it be construed as "visually representing where the cup is and visually representing where the remote receiver is on the layout of a golf hole." This alternative definition is consistent with *Optimal* and the Federal Circuit's prior construction of "display means" as a "device capable of visually representing information," without any added limitation that the entire layout from tee to green must be simultaneously displayed, and "position" as "where a thing is."

If the Court desires to construe claim 13's step of "marking a target location on the hole layout," in the alternative only, Plaintiffs propose that it be construed as "marking where a target is on the hole layout." Again, Plaintiffs alternative definition is consistent with *Optimal* and the Federal Circuit's definition of "location" as "where a thing is." It is also more concise and useful to a lay juror than Defendants' proposed definition.

If the Court desires to construe claim 16's step of "applying an error correction to determine a corrected position of the receiver means," in the alternative only, Plaintiffs propose that it be construed as "correcting the apparent position of where the GPS receiver is." This alternative definition is consistent with the Federal Circuit's prior construction of "position" as "where a thing is" and "receiver means" as "GPS receiver," and harmonizes with claim 16's straightforward self-definition.

If the Court desires to construe claim 18's step of "displaying a graphic representation of the layout of a golf hole," in the alternative only, Plaintiffs propose that it be construed as "visually representing a graphic representation of the layout of a golf hole." This alternative definition is consistent with the Federal Circuit's prior construction of the related term "display means" as "a device capable of visually representing information," without any added limitation that the entire layout from tee to green must be simultaneously displayed.

Lastly, Defendants argue that a person of ordinary skill in the art may alternatively be qualified by having "a graduate degree in a subject directly related to GPS (such as geography) and at least 9 years of experience with the technical development of GPS including its applications." A person of ordinary skill in the art must be able to both make and use the claimed invention at the time of filing of the '093 patent. Having a geography degree and 9 years of experience using GPS will not necessarily enable a person to actually make and use a golf distance measuring system. Indeed, the record shows that a person skilled in the art at the time of filing must be able to pick up the patent and actually design and make the components of any device. Only education and experience in electrical engineering provides this requisite degree of skill.

**Defendants' Statement:**

A review of the alleged invention of the '093 patent makes clear why Defendants' proposed claim constructions are necessary and correct. The '093 patent is directed to the use of a commercially available global positioning system (GPS) to provide precise distance information between a GPS receiver and a golf cup. The golf cup is moved to a new location on each golf green on a regular and often daily basis by the golf course greenskeeper. The golf cup is moved to minimize wear and tear on the putting surface in any one location, in addition to providing golfers with a different position for the cup on any given day. Because the actual distance to the cup is important to a golfer, several prior art methods were developed to help a golfer estimate the distance to the cup. A popular method was a yardage book, which provided the golfer with distances from various locations on a golf hole to the center of the green. Although the '093 specification explains that a yardage book was an improvement over visual inspection to guess the distance to a green, the '093 specification explains that such a book was inferior to the asserted invention because it did not provide precise distances to the cup. In fact, it was virtually impossible for a yardage book to provide a precise distance to a cup because the book did not change from day-to-day while the position of the cup on the green changes virtually every day. Thus, the '093 specification explicitly states that the alleged invention provides a more precise distance to the cup since it stores "the present position of the cups on the greens for the day." *See* '093 patent at col. 5, ll. 11-13.

In this case, "the 'ordinary' meaning of [the disputed terms] does not resolve the parties' dispute, and claim construction requires the court to determine what claim scope is appropriate in the context of the patents-in-suit." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) (holding that even when a previously issued claim construction order controls, the court must still resolve the disputed claim terms in the present case). Contrary to Plaintiffs' assertion, the Federal Circuit did *not* previously construe the '093 claim language to the extent necessary to determine infringement, and did *not* hold that the only limitations that warrant defining were "location" (*i.e.,* "locating") and "position." The Federal Circuit construed only the terms "location" and "position" because those were the only terms that *Optimal* (Appellant in the prior suit, and one of the plaintiffs here) *requested the Federal Circuit to construe*.[1] *See* Defendants' Responsive Claim Construction Br. at Response App. 3 (Dkt. 270).[2] Further, contrary to Plaintiffs' assertion, Defendants are not requesting this Court to redefine claim terms that the Federal Circuit already construed, but rather to define claim terms that the Federal Circuit never construed and which are disputed in the present case. Defendants' construction of the disputed claim terms are both consistent with the holding of *Optimal*, and based on the intrinsic record of the '093 patent.

---

[1] The plaintiff also asked the Federal Circuit to decide whether certain claim terms (*e.g.*, "memory means") were means-plus-function claims under 35 U.S.C. § 112, ¶ 6.

[2] Plaintiffs sought to hide this fact by filing a motion to strike from Defendants' claim construction evidence the page from Optimal's Federal Circuit brief listing the questions presented in that appeal: the meaning of the three claim terms "location," "position" and "memory means." *See* Dkt 279. The Court properly denied that motion. Dkt. 310

In *Optimal*, the Federal Circuit construed the terms "position" [of the cup] and "location" [of the cup] stating that both terms mean "where the thing is." *Optimal*, 2001 U.S. App. LEXIS 5772 at *6-7. The proper scope of the phrase "***locating*** the position of the cup," however, is still fundamentally in dispute. The intrinsic evidence, including the '093 specification and the '093 prosecution history, demonstrates that the term "locating the position of the cup" means identifying the placement of the cup on the green directly from the cup itself and not estimating based on visual inspection, the latter method being explicitly disparaged in the '093 specification. To the contrary, the '093 specification specifically provides that the greenskeeper must "locate" the cup each time it is moved, typically using GPS, so that golfers playing the course can know the exact distance to the cup.

Defendants' construction of the disputed claim phrase "storing the position of the cup" (storing the position of the placement of the cup identified in the locating step) is entirely consistent with the holding in *Optimal* because it construes "position" as meaning "where the thing is."

Similarly, the proper construction of "memory means for storing the position of the golf cup" requires that the position of the placement of the cup be identified directly from the cup itself and not estimated based on the visual inspection method that is disparaged in the '093 specification.

The proper construction of the term "golf hole layout" in claims 11-14 and 18 is "a layout of the golf hole from tee to green." Plaintiffs' alternative claim constructions appear to be in substantial agreement with this construction.

The '093 specification discloses an error correction scheme in which a GPS receiver is placed at a known location on the course to determine the extent of the error of the calculated position. Therefore, the proper construction of the term "applying an error correction to determine a corrected position of the receiver means" requires that the error correction be the difference between a calculated position of a GPS receiver at a known location on the course and its actual position.

Finally, Plaintiffs argue that that a person of ordinary skill in the art must have an undergraduate electrical engineering degree. The dispute between the parties regarding the level of ordinary skill, however, is narrow. Both Plaintiffs and Defendants agree that one of ordinary skill in the art must have substantial experience (at least nine years) developing various GPS applications. The only disagreement is whether an undergraduate degree in electrical engineering is required. Plaintiffs contend that a "person of ordinary skill in the art must be able to both make and use the claimed invention at the time of filing of the '093 patent." But Plaintiffs ignore the fact that the '093 specification explicitly states that existing receivers may be used to practice the invention '093 Patent, col. 4, ll. 24-28. Further, the '093 specification does not disclose hardware schematics, circuit diagrams, or any other like technical information specifically directed to an electrical engineer. Instead, the '093 figures are largely block diagrams showing various software and mapping functions. See figures 2-10 and 12. Implementing these functions has much less to do with one's undergraduate degree and much

more to do with a high level of experience using GPS.  Moreover, a number of the functions such as the mapping function described in figure 9, where "rectangular projection points" are mapped onto a grid, would typically require a graduate geography degree.  Thus, one with a graduate degree in geography and nine years of experience with GPS would be better qualified in this art than an individual without such a degree.