UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES, INC. AND OPTIMAL I.P. HOLDINGS, L.P., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3-07-CV0831-K |
| ALTEX CORPORATION, DECA INTERNATIONAL CORP., GOLFLOGIX, INC., GPS TECHNOLOGIES, INC., L1 TECHNOLOGIES, INC., LINKS POINT, INC., SKYHAWKE TECHNOLOGIES, LLC, AND TEE2GREEN TECHNOLOGIES, PTY LTD. | § § § § § § § § § § § | PATENT CASE JURY DEMANDED ECF |
| Defendants. | § | |

## DEFENDANT SKYHAWKE TECHNOLOGIES, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FOR EXPEDITED BRIEFING, AND TO STAY DISCOVERY

Pursuant to Federal Rules of Civil Procedure 12(b)(1), Defendant SkyHawke Technologies, LLC ("SkyHawke") respectfully moves the Court to dismiss this action for lack of subject matter jurisdiction, for expedited briefing, and to stay discovery pending resolution of this motion. The basis for this motion is that the plaintiffs GPS Industries, Inc. ("GPSI") and Optimal I.P. Holdings, L.P. ("Optimal") (collectively "Plaintiffs") had no standing to bring this action for patent infringement because Plaintiffs do not own the asserted patent, United States Patent No. 5,364,093 (the "093 patent"). As Plaintiff GPSI admits, the '093 patent is owned by another corporation known as Optimal Golf Solutions, Inc. ("OGSI"). There has been no conveyance of any interest in the '093 patent from OGSI to GPSI, Optimal, or anyone else. Because Plaintiffs did not own the

1

'093 patent at the time they filed suit, Plaintiffs had no standing to bring this suit and the Court has no subject matter jurisdiction over this action. Accordingly, SkyHawke is entitled, as a matter of law, to dismissal of the amended complaint.

Moreover, because there are 16 depositions scheduled or planned between March 11 and March 31, SkyHawke respectfully requests the Court to require Plaintiffs to respond to this motion by Friday, March 6, 2009, with SkyHawke's reply due one business day later on Monday, March 9, 2009. Further, SkyHawke additionally and respectfully requests the Court to stay the remaining discovery in this case while it decides whether it has subject matter jurisdiction, so that the parties do not spend tens or hundreds of thousands of dollars on needless depositions.

The grounds for this motion are more fully set out in the accompanying Memorandum of Law, the Declaration of Thomas J. Fisher, and the exhibits thereto. A proposed order is submitted herewith.

Respectfully submitted,

Donald C. Templin
State Bar No.  19771500
Theodore G. Baroody
State Bar No. 01797550
Haynes and Boone, L.L.P.
2323 Victory Ave.
Suite 700
Dallas, TX  75219
Tel:  (214) 651-5000
Fax:  (214) 651-5940

Arthur I. Neustadt
Jordan S. Weinstein
Thomas J. Fisher
Richard T. Matthews
Oblon, Spivak, McClelland, Maier & Neustadt, P.C.
1940 Duke Street
Alexandria, Virginia  22314
(703)413-3000 phone
(703)413-2220 facsimile

**ATTORNEYS FOR DEFENDANT
SKYHAWKE TECHNOLOGIES, LLC**

3

## CERTIFICATE OF CONFERENCE

I hereby certify that Thomas J. Fisher, counsel for Defendant SkyHawke, conferred with Kumar Vinnakota, counsel for Plaintiffs, on February 27, 2009. Mr. Vinnakota indicated that this motion was opposed due to Plaintiff's unwillingness to agree to expedited briefing and to stay discovery.

By: _____
Thomas J. Fisher

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing and serve on all attorneys of record for all parties to the above cause in accordance with the Federal Rules of Civil Procedure.

By: _____
Richard T. Matthews

4