IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GPS INDUSTRIES, INC. and | § | |
| OPTIMAL I.P. HOLDINGS, L.P., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0831-K |
| | § | |
| ALTEX CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant SkyHawke Technologies, LLC's Motion to Dismiss

for Lack of Subject Matter Jurisdiction, for Expedited Briefing, and to Stay Discovery

(doc. 376).  For the following reasons, the Court **GRANTS** the motion to dismiss for

lack of subject matter jurisdiction.  The Court **DENIES as moot** the request to expedite

briefing and to stay discovery.

I.      **Factual Background**

This case involves the patent on a golf distance measuring system and method.

On May 11, 2007, Plaintiffs GPS Industries, Inc. and Optimal I.P. Holdings, L.P.

("GPS", "Optimal Holdings" and, collectively, "Plaintiffs") filed suit against multiple

defendants, including Defendant SkyHawke Technologies, LLC ("SkyHawke") for

infringing on United States Patent No. 5,364,093 ("the '093 patent") with defendants'

golf cart mounted and/or handheld golf GPS devices.  In both its original and amended

ORDER – PAGE 1

complaints, GPS asserts it is the "owner of all rights, title, and interest in and under" the

'093 patent, and Optimal Holdings is the exclusive licensee of the '093 patent regarding

handheld devices.

SkyHawke filed this motion to dismiss for lack of personal jurisdiction.  Upon

completion of the briefing, the Court ordered Plaintiffs and SkyHawke to further brief

the patent ownership issue.  The Court, thereafter, conducted a hearing on May 11,

2009, on the patent ownership questions.

## II.     Applicable Law and Analysis

SkyHawke argues in its motion to dismiss that Plaintiffs lack standing to bring

this suit because a third-party, not GPS, owns the '093 patent.  Plaintiffs respond that

GPS holds all substantial rights to the patent, and the third party is merely a nominal

title holder.

On November 19, 2004, GPS entered into a Stock Purchase Agreement to buy

Optimal Golf Solutions, Inc. ("OGSI") from Darryl Cornish and Charles Huston

(collectively, "Sellers").  The Stock Purchase Agreement reflects that the '093 patent is

owned by OGSI.  Pursuant to this Stock Purchase Agreement, OGSI became a wholly

owned subsidiary of GPS.  Also effected that same day was the Patent License

Agreement to which OGSI and Plaintiffs (collectively "the Parties") were parties.

Plaintiffs maintain that it is in this Stock Purchase Agreement, as well as the Patent

License Agreement, in which all substantial rights in the '093 patent were conveyed to

ORDER – PAGE 2

Plaintiffs from OGSI.  Plaintiffs contend OGSI is merely the nominal owner of the '093 patent.

A suit for patent infringement must usually be brought by the party with legal title to the patent, whether it is the "patentee," to whom the patent was originally issued, or successors in title. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998).  However, the Federal Circuit has recognized "virtual assignees" as having standing to bring a patent infringement suit when the assignee has been granted an exclusive license of all substantial rights under the patent.  *See id.*

It is undisputed that OGSI held the title to the '093 patent when it was sold to GPS, as evidenced in the Stock Purchase Agreement.  What this Court must determine is the chain of title from that point forward.  The Stock Purchase Agreement reflects that OGSI holds all rights to the '093 patent, and OGSI's shares were sold to GPS.  The Patent License Agreement contains language indicating that GPS is the sole and exclusive owner of the '093 patent and has the power to grant license to that patent without another party's consent.  And, in this same Agreement, GPS grants Optimal Holdings an exclusive license to the '093 patent in the handheld device field.  However, there is no written conveyance, in either of those Agreements, of the substantial rights in the '093 patent from OGSI to GPS.  This key piece to the chain of title ending with GPS is missing.  Despite Plaintiffs' assertion to the contrary, the record does not evidence any written transfer of all substantial rights in the '093 patent to GPS by OGSI in either Agreement.  *See id.*

ORDER – PAGE 3

There are certain other documents in the record, though, that evidence OGSI retained all rights to the '093 patent, which includes the Replacement Patent License Agreement and the Securities and Exchange document. The Replacement Patent License Agreement, entered into by the Parties and dated December 31, 2008, recites OGSI " is the sole and exclusive owner" of the '093 patent. Additionally, GPS filed a document with the Securities and Exchange Commission on November 14, 2008 which reflects that OGSI is the owner of the '093 patent. Merely because OGSI is a wholly owned subsidiary of GPS does not in and of itself confer all substantial rights of the '093 patent on GPS. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003)("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary.")*; DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F.Supp.2d 1237, 1238-40 (corporation had no standing to sue for patent infringement simply because the patentee was a wholly owned subsidiary of the corporation and the corporation claimed it would feel financial repercussions from the infringement).

Plaintiffs argue it was the Parties intent that all substantial rights to the '093 patent be conveyed to GPS, and their intention should be given effect even if no written recitation of it exists. Plaintiffs assert that a license may be written, verbal, or implied. Indeed, as the *Enzo* court acknowledged, licenses may be verbal or implied. But, where Plaintiffs' argument fails, is that a verbal license cannot be a virtual assigment to assert standing; it must be in writing to achieve that end. *Enzo*, 134 F.3d at 1093 ("if the license is to be considered a virtual assignment to assert standing, it must be in

ORDER – PAGE 4

writing."). Again, as the Court has previously noted, there is no written assignment from OGSI to GPS of the rights to the '093 patent anywhere in the record; therefore, any verbal license has no affect on standing. In another attempt to establish the Parties intent, Plaintiffs effectuated a Confirmation of Ownership with all relevant parties in March 2009. This document purports to reflect that, at least as of the filing date of this case, OGSI was the "nominal title holder" of "093 patent and GPS owned any and all rights in the '093 patent, including the right to initiate this lawsuit. The Federal Circuit addressed this exact issue in *Enzo* and held that nunc pro tunc assignments are insufficient to confer standing retroactively. *See id.* at 1093-94.

## III.    Conclusion

Because Plaintiffs did not have standing to bring this suit at the date of filing, the Court **grants** SkyHawke's motion to dismiss. This case is hereby **dismissed without prejudice**.

**SO ORDERED.**

Signed July 27th, 2009.


_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE